# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | James F. Holderman |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6366 | **DATE** | 10/27/2010 |
| **CASE TITLE** | The Penn Mutual Life Ins. Co. vs. GreatBanc Trust Co., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, defendant Kevin Bechtel's motion to dismiss [70] is denied and counterdefendant The Penn Mutual Life Insurance Company's motion to dismiss [45] is granted. Bechtel's Answer is due on or before 11/12/2010. Counsel for all parties are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 11/30/2010. Status hearing set for 12/2/2010 at 9:00 a.m. for purposes of scheduling further dates. Parties are encouraged to discuss settlement.

■ [ For further details see text below.]                                                              Notices mailed.

## STATEMENT

Now pending before the court are defendant Kevin Bechtel's ("Bechtel") motion to dismiss plaintiff's complaint (Dkt. No. 70) and plaintiff/counterdefendant The Penn Mutual Life Insurance Company's ("Penn Mutual") motion to dismiss defendant/counterplaintiff GreatBanc Trust Company's ("GreatBanc") counterclaims (Dkt. No. 45). For the following reasons, Bechtel's motion to dismiss is denied and Penn Mutual's motion to dismiss is granted.

### BACKGROUND

As a preliminary matter, this court notes that the parties and allegations in this case are substantially similar to the parties and allegations in *Penn Mutual Life Insurance Company v. GreatBanc Trust Company, et al.* ("Rosemblatt-Spitzer Case"), No. 09 C 6129, currently pending before the Honorable Judge William J. Hibbler, in the United States District Court for the Northern District of Illinois, Eastern Division. Both cases allege that Bechtel and GreatBanc participated in a stranger initiated life insurance ("STOLI") scheme. In the Rosemblatt-Spitzer Case, Penn Mutual alleges that Bechtel's and GreatBanc's STOLI scheme involved an individual named Natalie Rosenblatt-Spitzer. In this case, Penn Mutual alleges that Bechtel's and GreatBanc's STOLI scheme involved defendant Horace Windham ("Windham").

The pending motions before this court are nearly identical to motions decided by Judge Hibbler in the Rosemblatt-Spitzer Case on July 21, 2010. *See Penn Mut. Life Ins. Co. v. GreatBanc Trust Co.*, No. 09 C 6129, 2010 WL 2928054 (N.D. Ill. July 21, 2010) (Hibbler, J.) (herein referred to as the "Rosemblatt-Spitzer Opinion"). Bechtel, in this case and in the Rosemblatt-Spitzer Case, filed a motion to dismiss Penn Mutual's complaint against Bechtel due to lack of personal jurisdiction and failure to state a claim. Penn Mutual, in this case and in the Rosemblatt-Spitzer case, filed a motion to dismiss GreatBanc's counterclaims against Penn Mutual. After conducting an independent analysis of the motions pending before this court, this court finds that it has reached the same conclusions regarding the pending motions as the conclusions reached by

| STATEMENT |
|---|

Judge Hibbler in the Rosemblatt-Spitzer Case. Therefore, in the interests of judicial efficiency, this court in this order will only discuss the court's findings as they relate to the particularities of this case, and will refer the parties to the Rosemblatt-Spitzer Opinion for a fuller discussion of the relevant legal authority.

ANALYSIS

A.      Bechtel's Motion To Dismiss for Lack of Personal Jurisdiction.

For the following reasons, Bechtel's motion to dismiss Penn Mutual's complaint against Bechtel for lack of personal jurisdiction is denied. Bechtel argues, as he did in the Rosemblatt-Spitzer Case, that this court cannot assert personal jurisdiction over him because he did not transact business in Illinois and he lacks sufficient contacts with the state of Illinois for this court to assert jurisdiction over him. This court disagrees and finds that Bechtel is subject to personal jurisdiction by this court.

First, this court finds that Bechtel transacted business in Illinois for purposes of the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a). Similar to the facts in the Rosemblatt-Spitzer case, Bechtel actively obtained and maintained a license to sell insurance in Illinois. (Dkt. No. 84, Exhibit A, Sub-Exhibit 1 ("Ill. Dept. of Insurance License Record") at 1.) Bechtel solicited business from Windham, who traveled to Illinois to complete the insurance application. (Dkt. No. 1, Exhibit A ("Insurance Policy") at 31) (listing Lisle, Illinois as the place of signature). Bechtel's agent number was listed on the Agent's Underwriting Report for the Insurance Policy that was issued in Illinois (Dkt. No. 70, Exhibit B ("Agent's Underwriting Report") at 2) and Bechtel received a commission for the policy (Dkt. No. 84, Exhibit B ("Karen Reed Affidavit") at 2). All of these facts are not contravened by Bechtel's affidavit and therefore, as in the Rosemblatt-Spitzer Case, "[Bechtel's actions are] enough to demonstrate that he transacted business within the state of Illinois." *Id*. at *3.

Second, this court finds that Bechtel's actions created "minimum contacts" with Illinois "such that the maintenance of the suite does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). As Judge Hibbler found in the Rosemblatt-Spitzer Opinion:

> Here, by obtaining and maintaining a license to sell insurance in Illinois and by receiving a commission on a policy issued in Illinois, Bechtel has purposely availed himself of the benefits and protections of Illinois law. As a soliciting agent on a policy issued in Illinois, Bechtel created continuing obligations between himself and the citizens of Illinois, who have an interest in the lawfulness of agents doing business within Illinois. *Burger King Corp.* [*v. Rudzewicz*], 471 U.S. [462, 476 (1985)]. Further, Bechtel has acted as a soliciting agent in another transaction in Illinois (coincidentally with the same Trust company) that Penn Mutual alleges was part of a STOLI scheme. *See Penn Mutual Life Ins. Co. v. GreatBanc Trust Co. et al*, No. 09 C 6366 (N.D. Ill.). Bechtel thus has acted as an agent in at least two insurance agreements that were issued in Illinois, either by soliciting the policy or in receiving a commission for it. It is not unreasonable for Bechtel to expect that his actions in soliciting insurance contracts issued within the state of Illinois might result in being haled into court in this state.

*Penn Mutual*, 2010 WL 2928054 at *4. The result in this case is the same; Bechtel's actions within Illinois make it fair and just for Bechtel to be "haled into court in this state." *Id*.

B.      Bechtel's Motion To Dismiss for Failure to State a Claim.

| STATEMENT |
|---|

Bechtel makes the same arguments to this court that he made to Judge Hibbler in the Rosemblatt-Spitzer Case as to why Penn Mutual's claims should be dismissed for failure to state a claim. Namely, Bechtel argues that Penn Mutual's claims against him should be dismissed because: (1) Count I of Penn Mutual's complaint does request any relief from Bechtel, (2) Bechtel did not sign the Agent's Underwriting Report, and (3) the economic loss rule bars plaintiff's recovery. As Judge Hibbler eloquently stated in the Rosemblatt-Spitzer Opinion, "[Bechtel's] arguments merit little discussion." *Id.*

Bechtel's first argument that Count I of the Penn Mutual complaint must be dismissed because it fails to specifically seek any relief against Bechtel is clearly erroneous. Count I of Penn Mutual's Complaint is explicitly labeled as "against all Defendants" and the "Relief Requested" section of Penn Mutual's complaint clearly seeks declaratory relief that the policy for which Bechtel received commissions was void *ab initio*. Therefore, Penn Mutual has adequately pleaded a claim in Count I against Bechtel. Bechtel's second argument—that Penn Mutual's complaint must be dismissed because Bechtel did not sign the Agent's Underwriting Report—is also meritless because it relies on facts outside of the pleadings. *See id.* Finally, Bechtel's third argument—that the economic loss rule bars plaintiff's recover—is meritless because the economic loss rule "does not apply where a plaintiff's damages are caused by fraud." *Id.* Accordingly, Bechtel's motion to dismiss Penn Mutual's complaint for failure to state a claim is denied.

C.   <u>Penn Mutual's Motion To Dismiss GreatBanc's Counterclaims</u>.

This court grants Penn Mutual's motion to dismiss GreatBanc's counterclaims, because GreatBanc's counterclaims: (1) restate the declaration sought by the plaintiff, but from the opposite perspective, (2) mirror GreatBanc's affirmative defenses, and (3) raise issues that are not justiciable. As a preliminary matter, this court notes that GreatBanc's counterclaims are almost word for word the same as GreatBanc's counterclaims asserted in the Rosemblatt-Spitzer Case. In the Rosemblatt-Spitzer Case, Judge Hibbler dismissed all of GreatBanc's counterclaims. This court, in reviewing GreatBanc's counterclaims in this case, has reached the same conclusions.

GreatBanc's first counterclaim—a request for declaratory judgment that the insurance contract at issue is valid—clearly mirrors Penn Mutual's request for a declaratory judgment that the insurance contact at issue is invalid. Therefore, this court dismisses GreatBanc's first counterclaim as it merely "restate[s] the declaration sought by the plaintiff from the opposite perspective [and] . . . [is] duplicative and merely complicate[s] the pleadings." *Id.* at *5.

GreatBanc's second and third counterclaims are simply mirror images of their affirmative defenses and are therefore dismissed. As Judge Hibbler stated in the Rosemblatt-Spitzer Opinion, "[c]ounterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief." *Id.* Finally, GreatBanc's fourth counterclaim for a declaration that Penn Mutual is liable for the damages caused by its agents is not justiciable. Simply stated, "[Federal Rule of Civil Procedure 8] requires parties to make a short and plain statement of the claim showing that the pleader is entitled to relief[;] GreatBanc has failed to do so, and instead merely demanded relief." *Id.* Thus, GreatBanc's fourth counterclaim is dismissed.

For all of the reasons set forth above, Penn Mutual's motion to dismiss is granted.

*James F. Holderman*